

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
Attorney General

STATE COUNSEL DIVISION
Litigation Bureau

Writer Direct: (518) 776-2620

July 6, 2023

Hon. Mae A. D'Agostino
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

Re:   *Mintz, et.al. v. Nigrelli, et al.*, No. 1:23-cv-00795 (MAD/CFH)

Dear Judge D'Agostino:

      This letter, written on behalf of State Defendant Steven Nigrelli, the Acting Superintendent of the New York State Police ("State Defendant"), seeks to stay this action until the U.S. Court of Appeals for the Second Circuit decides the constitutionality the provisions of the Concealed Carry Improvement Act ("CCIA") that Plaintiffs challenge in this case, namely N.Y. Penal Law §§ 265.01-e(c) and (f).  Those statutes, which prohibit the carrying of deadly weapons in summer camps and in places of worship (subject to certain enumerated exceptions), are among those the Circuit is adjudicating in *Antonyuk v. Nigrelli*, No. 22-2972 (2d Cir.) and *Hardaway v. Nigrelli*, No. 22-2933 (2d Cir.), both of which have been fully briefed and argued.

      A stay pending appellate review of a related case is appropriate when "resolution of that appeal [w]ould guide this Court in ruling on one of the key issues in this litigation." *Goldstein v. Time Warner New York City Cable Group*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (stay of proceedings is justified "when a higher court is close to settling an important issue of law bearing on the action").  Here, the constitutionality of the prohibitions on guns in summer camps and houses of worship is directly presented in the *Antonyuk* and *Hardaway* appeals, meaning that the Court's resolution of these issues would be duplicative of the Second Circuit's anticipated ruling, which would govern the preliminary injunction application in this case once issued.  Additionally, the five factors that govern a motion for a stay of proceedings weigh decisively in favor of granting a stay in this case. *See Bahl v. N.Y. College of Osteopathic Med. of N.Y. Inst. of Tech.*, No. 14-cv-4020 (AKT), 2018 WL 4861390, at *2 (E.D.N.Y. Sept. 28, 2018) (courts weigh five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest")(internal quotation marks omitted)).

Moreover, because the delay by Plaintiffs in seeking relief negates any finding of irreparable harm, the preliminary injunction motion is meritless in any event. A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). The CCIA was enacted on July 1, 2022, and it went into effect on September 1, 2022. That means that Plaintiffs waited almost a full year before seeking this preliminary injunction. Under the case law in this Circuit, that is simply too long of a delay in which to obtain a preliminary injunction. *See, e.g., Levola v. Fischer*, 403 F. App'x 564, 565 (2d Cir. Dec. 14, 2010) (affirming the district court's finding that the plaintiff failed to demonstrate "that he faced an immediate danger of irreparable harm," in light of his delay in seeking injunctive relief); *Oliver v. N.Y. State Police*, No. 1:15-cv-00444 (BKS/DJS), 2019 U.S. Dist. LEXIS 76272, at *16-*17 (N.D.N.Y. May 6, 2019) ("'Though such delay may not warrant the denial of ultimate relief, it may, 'standing alone, . . . preclude the granting of preliminary injunctive relief.'") (Sannes, J.) (quoting *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (quoting *Majorica, S.A. v. R.H. Macy & Co.*, 762 F.2d 7, 8 (2d Cir. 1985))); *Hornig v. Trustees of Columbia Univ. in City of New York*, 2018 U.S. Dist. LEXIS 189268 (S.D.N.Y. Nov. 5, 2018) (holding that the plaintiff's two and a half month delay in seeking injunctive relief undermined a finding of irreparable injury); *Livery Round Table, Inc. v. New York City FHV & Limousine Comm'n*, 2018 U.S. Dist. LEXIS 65524, at *24 (S.D.N.Y. Apr. 18, 2018) ("A delay of about three months undercuts a showing of immediate and irreparable injury."); *Two Hands IP LLC v. Two Hands Am., Inc.*, 563 F. Supp. 3d 290, 300 (S.D.N.Y. 2021) (a delay of just over three months was too long to obtain a preliminary injunction). Consequently, as a matter of law, Plaintiffs' near one-year-long delay here defeats their claim for a preliminary injunction.

A stay is also warranted pursuant to the first-filed rule, which provides that "[w]here there are two competing lawsuits, the first suit should have priority." *N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)); *see also City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) ("where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court," the first court has priority "unless there are special circumstances which justify giving priority to the second action"). For the first-filed rule to apply, the issues must be substantially similar, as they are here, but the parties need not be identical. *See Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 441 (S.D.N.Y. 2001) ("the first-filed rule may apply even if the two actions at issue involve different parties").

Superintendent Nigrelli respectfully requests that the Court stay the preliminary injunction motion until after the Second Circuit issues its rulings in the *Antonyuk* and *Hardaway* appeals, as several other district courts have done in related cases challenging CCIA provisions.[1] We thank the Court its consideration of this matter.

---

1 *See, e.g., New York State Rifle & Pistol Association, Inc. et al. v. Nigrelli, et al.*, No. 1:22-cv-00907 (MAD/CFH) (N.D.N.Y.), ECF No. 33; *LoGiudice v. County of Suffolk*, No. 22-cv-4363 (E.D.N.Y.), ECF No. 20; *Grier v. Kim*, No. 23 Civ. 3912 (S.D.N.Y.), ECF No. 10; *Sibley v. Watches*, No. 19-cv-6517 (W.D.N.Y.), ECF No. 121.

Respectfully submitted,

*s/* *James Thompson*

James Thompson
Special Counsel for Second Amendment Litigation
Bar Roll No. 703513

*s/* *Michael McCartin*

Michael G. McCartin
Assistant Attorney General | Special Counsel
Bar Roll No. 511158

cc:   All Attorneys of Record (*via* CM/ECF)